IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**SHELLEY WHITTENBERG, Individually and**           **PLAINTIFF**
on Behalf of All Others Similarly Situated

vs.           No. 5:20-cv-353

**CENTENE COMPANY OF TEXAS, L.P.**           **DEFENDANTS**
**CENTENE CORPORATION and**
**CENTENE MANAGEMENT COMPANY, LLC**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Shelley Whittenberg ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendants Centene Company of Texas, L.P., Centene Corporation, and Centene Management Company, LLC (collectively "Defendant" or "Defendants"), she does state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and all others similarly situated a proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

## II. JURISDICTION AND VENUE

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendants conduct business within the State of Texas, operating and managing a healthcare management company with locations worldwide.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

5. Plaintiff was employed by Defendants at one of their healthcare management offices located in the San Antonio Division of the Western District of Texas.

6. The acts alleged in this Complaint had their principal effect within the San Antonio Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff is an individual resident and domiciliary of the State of Texas.

8. Separate Defendant Centene Company of Texas, L.P. ("CCT"), is a domestic limited partnership.

9. CCT's registered agent for service is CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10. Separate Defendant Centene Corporation ("CC") is a foreign for-profit corporation.

11. CC's registered agent for service is CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

12. Separate Defendant Centene Management Company, LLC ("CMC") is a foreign limited liability company.

13. CMC's registered agent for service is CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

14. Defendants maintain a website at https://www.centene.com/.

## IV. FACTUAL ALLEGATIONS

1. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

2. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

3. Upon information and belief, the revenue generated from CCT, CC and CMC is merged and managed in a unified manner.

4. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operate as a single enterprise.

5. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in

interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

6. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

7. At all times material herein, Defendant was an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA.

8. Defendant owns and operates a healthcare management company registered to do business in Texas.

9. At all times material herein, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and paid her an hourly wage.

10. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits of the FLSA.

11. Defendant has employed Plaintiff as an hourly-paid Service Coordinator from February of 2013 through the present.

12. At all relevant times herein, Defendant directly hired Service Coordinators to work for its healthcare management company, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

13. As a Service Coordinator, Plaintiff's duties included meeting with potential clients in their homes and performing assessments of their eligibility for healthcare services, and completing and submitting the related paperwork.

14. Plaintiff and similarly situated employees regularly worked in excess of forty (40) hours per week while working for Defendant.

15. In addition to their hourly rate, Plaintiff and similarly situated employees periodically received nondiscretionary bonuses.

16. Plaintiff and similarly situated employees received bonuses based on company productivity.

17. These nondiscretionary bonuses were a form of compensation to Plaintiff and similarly situated employees.

18. During weeks in which Plaintiff and similarly situated employees worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Plaintiff and similarly situated employees.

19. Section 778.208 of Title 29 of the CFR requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

20. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as nondiscretionary bonuses, in the regular rate when calculating Plaintiff's and similarly situated employees' overtime pay.

21. Upon information and belief, Defendant's bonus policy was the same at all of its locations.

22. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated employees of proper overtime compensation for all of the hours worked over forty (40) per week.

23. Plaintiff was regularly required to perform work from home in the evenings, on weekends, and while she was on sick leave or vacation for Defendant while she was not clocked in, including completing paperwork and responding to urgent emails.

24. Plaintiff spent about ten (10) hours per week working off the clock for Defendant.

25. Plaintiff was not compensated for her time spent working off the clock.

26. Defendant was or should have been aware that Plaintiff's job duties required her to perform work outside of her recorded hours.

27. Defendant's failure to compensate Plaintiff for her off-the-clock work resulted in additional overtime violations.

28. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### IV.    REPRESENTATIVE ACTION ALLEGATIONS

29. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

30. Plaintiff brings her FLSA claim on behalf of all other Service Coordinators who received nondiscretionary bonuses and were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

    A. Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a week;

    B. Liquidated damages; and

    C. Attorney's fees and costs

47. Plaintiff proposes the following collective under the FLSA:

> **All hourly-paid Service Coordinators who earned a bonus in connection with work performed in any week in which they worked more than forty hours within the past three years.**

48. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

49. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50. The proposed FLSA collective members are similarly situated in that they share these traits:

    A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

    B. They were paid hourly rates;

  C. They were eligible for and received bonuses;

  D. They had the same or substantially similar job duties, requirements and pay provisions;

  E. They worked over forty (40) hours in at least one week in which they received a bonus; and

  F. They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

  51. Plaintiff is unable to state the exact number of the class but believes that there are at least two hundred (200) other employees who worked as Service Coordinators and received an improperly calculated overtime rate due to nondiscretionary bonuses.

  52. Defendant can readily identify the members of the Section 16(b) class which encompasses all hourly Service Coordinators who received a bonus and worked more than forty hours in a week.

  53. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

  54. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

55. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

57. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

58. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate of compensation for all hours worked in excess of forty (40) per week.

59. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including nondiscretionary bonuses, for Plaintiff in her regular rate when calculating her overtime pay.

60. Defendant failed to pay Plaintiff for all hours worked, including failing to pay Plaintiff an overtime rate of one and one-half (1.5) times her regular rate for all hours worked over forty in a week.

61. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

62. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

63. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

64. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

65. Plaintiff brings this collective action on behalf of herself and all hourly Service Coordinators who were employed by Defendant and received nondiscretionary bonuses, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours she and they worked in excess of forty (40) each week.

66. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

67. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as nondiscretionary bonuses, given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

68. In the past three years, Defendant has employed more than two hundred (200) hourly Service Coordinators who were eligible for nondiscretionary bonuses.

69. Upon information and belief, Plaintiff and all or almost all Service Coordinators who received nondiscretionary bonuses regularly worked more than forty (40) hours in a week.

70. Defendant failed to pay Plaintiff and similarly situated employees at the proper overtime rate.

71. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

72. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

73. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Shelley Whittenberg, individually on behalf of all others similarly situated, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

  C. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

  D. Judgment for liquidated damages under the FLSA;

  E. For a reasonable attorney's fee, costs, and pre-judgment interest; and

  F. Such other relief as this Court may deem just and proper.

         Respectfully submitted,

         **SHELLEY WHITTENBERG,**
         **Individually and on Behalf of All**
         **Others Similarly Situated, PLAINTIFF**

         SANFORD LAW FIRM, PLLC
         ONE FINANCIAL CENTER
         650 SOUTH SHACKLEFORD, SUITE 411
         LITTLE ROCK, ARKANSAS 72211
         TELEPHONE: (501) 221-0088
         FACSIMILE: (888) 787-2040

         */s/ Josh Sanford*
         Josh Sanford
         Tex. Bar No. 24077858
         josh@sanfordlawfirm.com