IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHELLEY WHITTENBERG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; AND STEFANIE BARRERA, | § § § § § | SA-20-CV-00353-DAE |
| *Plaintiffs,* | § § | |
| vs. | § § | |
| CENTENE COMPANY OF TEXAS, L.P., CENTENE CORPORATION, CENTENE MANAGEMENT COMPANY, LLC, | § § § § | |
| *Defendants.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action are Plaintiff's Motion for Conditional Certification of Collective Action [#12] and Plaintiff's Motion for Approval and Distribution of Notice and for Disclosure of Contact Information [#13], both of which were referred to the undersigned for disposition. The Court held a hearing on the motions on June 29, 2020, at which counsel for all parties appeared telephonically. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes in this written opinion. For the reasons stated at the hearing and recited herein, the Court will deny Plaintiff's motions for conditional certification and distribution of notice without prejudice.

This case is a putative collective action seeking overtime compensation arising under the Fair Labor Standards Act ("FLSA") against Centene Company of Texas, L.P., Centene Corporation, and Centene Management Company, LLC. Defendants are healthcare management companies providing healthcare services to individuals with disabilities, behavioral needs, and other health issues in Texas and across the country. Plaintiffs Shelley Whittenberg and Stefanie

1

Barrera were or continue to be employed by Defendants as Level 2 Service Coordinators. In that role, they were responsible for meeting with potential clients in their homes and performing assessments for healthcare services. Plaintiffs allege Defendants operate as a single enterprise and were their joint employers for purposes of the FLSA. Plaintiffs claim they were paid an hourly rate and periodically received nondiscretionary bonuses based on company productivity.

The basis of this lawsuit is two-fold: Plaintiffs contend (1) Defendants failed to properly compensate them for off-the-clock work performed at home, such as the completion of paperwork and other administrative tasks, and (2) Defendants improperly calculated their overtime rate by failing to include their nondiscretionary bonuses in their regular rate calculation used to determine the overtime compensation that they were due. By their motions, Plaintiffs seek to conditionally certify a class of "All Service Coordinators employed by Defendants after March 20, 2017." At the hearing, however, Plaintiffs conceded that there are distinctions between the duties of the various levels of Service Coordinators and asked the Court to certify a class of "All Level 2 Service Coordinators employed by Defendants after March 20, 2017." Plaintiffs claim that all Level 2 Service Coordinators employed by Defendants nationwide share the same job duties and are similarly situated with respect to overtime compensation and off-the-clock work. But at this stage, it is Plaintiffs' burden to put forth evidence in support of this contention, and they have failed to do so.

To be entitled to conditional certification Plaintiffs must satisfy the lenient standard for certification under *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), which has been adopted by the majority of courts in the Fifth Circuit. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Tolentino v. C & J Spec-Rent Servs., Inc.,* 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010) (collecting cases). To satisfy the *Lusardi* standard, a plaintiff must

put forth "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 & n.8 (5th Cir. 1995), *overruled in part on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). In making this determination, courts consider such factors as whether "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt into the lawsuit." *Tolentino*, 716 F. Supp. 2d at 647 (internal citations omitted). However, not all courts have embraced the third requirement. *See, e.g.*, *Villareal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010).

In support of their motion, Plaintiffs offer the nearly identical declarations of Whittenberg and Barrera, both of which state that Plaintiffs worked exclusively out of Defendants' Bexar County Office in San Antonio. (Whittenberg Decl. [#12-1] at ¶ 4; Barrera Decl. [#12-2] at ¶ 4.) Plaintiffs' declarations further state that, pursuant to "Defendants' policies and expectations," Defendants "effectively required Service Coordinators to complete work outside of office hours and when not clocked in" and Plaintiffs "were not paid for hours spent completing paperwork, responding to emails, and performing other miscellaneous required tasks from home." (Whittenberg Decl. [#12-1] at ¶¶ 10–11; Barrera Decl. [#12-2] at ¶¶ 10–11.) Although Plaintiffs only worked in Bexar County, they argued at the hearing that they have knowledge that other Service Coordinators also performed unpaid off-the-clock work. In support of this contention, they point to their declaration testimony that they "traveled extensively and trained with other Service Coordinators from across the country in Austin and Dallas," although the testimony does not describe the nature of the training or purpose of the

travel beyond that general statement. (Whittenberg Decl. [#12-1] at ¶¶ 4, 15; Barrera Decl. [#12-2] at ¶¶ 4, 15.) In paragraph 15 of their declarations, Plaintiffs name specific Service Coordinators that "complained about the hours they worked from home and how they got paid." (Whittenberg Decl. [#12-1] at ¶ 15; Barrera Decl. [#12-2] at ¶ 15.) Plaintiffs maintain these declarations are sufficient to establish that all Level 2 Service Coordinators employed by Defendants throughout the country were victims of a single pay policy to deny compensation for off-the-clock work and to exclude nondiscretionary bonuses into the hourly rate for purposes of calculating overtime compensation. The Court disagrees.

Plaintiffs' declarations do not establish that all Level 2 Service Coordinators were subject to a common policy or plan to deny them compensation for off-the-clock work or for properly calculated overtime compensation. At the hearing, Plaintiffs' counsel repeatedly pointed to paragraph 15 of Plaintiffs' declarations as establishing a nationwide class of similarly situated individuals. Yet all that paragraph 15 represents to the Court is that Plaintiffs spoke with other Service Coordinators that "complained about the hours they worked from home" and "how they got paid." In this paragraph, Plaintiffs identify the Service Coordinators by name but do not indicate whether they are also Level 2 Service Coordinators as opposed to Level 1 or Level 3. Neither does Paragraph 15 state whether these Service Coordinators work in San Antonio like Plaintiffs or out of another office (and therefore whether their complaints provide insight into Defendants' alleged practices outside of San Antonio). Most importantly, however, Paragraph 15 does not describe with any specificity the nature of these Service Coordinators' specific complaints about "how they were paid" or "the hours they worked from home." That an employee complained about "how they were paid" does not necessarily mean their complaint concerns how a bonus is calculated. And a complaint about "the hours they work from home"

could be a complaint by the Service Coordinators about the type of work expected to be performed from home or the amount of work expected to be performed from home just as easily as it could be about whether they were adequately and compliantly compensated for work performed from home.  In short, Plaintiffs' declarations lack the specificity and detail necessary to establish that they and other Service Coordinators were together the victims of a single decision, policy or plan to warrant certification of a nationwide class of Level 2 Service Coordinators with respect to either of Plaintiffs' FLSA claims.

Moreover, Plaintiffs conceded at the hearing that Defendants have multiple legally-compliant policies that prohibit off-the-clock work by Level 2 Service Coordinators and that require employees to certify that they have accurately reported all hours worked.  The theory of Plaintiffs' case is apparently that Defendants uniformly deviated from these policies in nonetheless requiring Plaintiffs and all other Service Coordinators to work off the clock and then refusing to compensate Plaintiffs and other Service Coordinators for this time.  Yet Plaintiffs have not put forth any evidence or even specific allegations to support their contention that the deviations from these policies that they claim were experienced by Plaintiffs were due to a widespread practice by Defendants as opposed to isolated or outlier actions or decisions by management-level employees in San Antonio.  To warrant certification, especially the nationwide certification requested by Plaintiffs, the Court must have substantial allegations that supervisors within Bexar County, where Plaintiffs worked, and throughout other geographic regions uniformly flouted Defendants' written policies prohibiting off-the-clock work and directed their employees to perform such work in violation of the FLSA.  No such allegations are before the Court.

Plaintiffs contend that the Court's position would amount to a blanket prohibition on nationwide class certification in any off-the-clock case. Of course it would not. There are many employers that do not have any formal policies prohibiting off-the-clock work and still others that have formal policies that explicitly contradict the law (or at least that the plaintiffs contend violate the law). Nationwide certification is more appropriate in such cases as the purpose of collective certification of FLSA actions is to promote efficient case management of similarly situated employees' wage claims. *See Hoffmann-La Roche Inc., v. Sperling*, 493 U.S. 165, 170 (1989) ("A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity.").

Finally, as to Plaintiffs' claim that Defendants improperly calculated their overtime rate, Plaintiffs at the hearing all but conceded that, according to the affidavit submitted by Defendants, at least Whittenberg's overtime rate might have been calculated correctly in compliance with the FLSA. The affidavit states that the bonuses awarded were properly calculated as a percentage of total earnings, including overtime earnings, under the "percentage" bonus rule. *See Brock v. Two R Drilling Co.*, 789 F.2d 1177, 1179 (5th Cir. 1986). But Plaintiffs went on to argue that Defendants had not controverted Barrera's contention that her bonuses were wrongfully omitted from her regular rate when calculating her overtime compensation. By implying that the bonuses that Whittenberg was paid may not have been calculated the same way as the bonuses paid to Barrera, Plaintiffs further weaken their argument that they have advanced substantial allegations that all Service Coordinators' bonuses were calculated according to an identical and illegal method. For this reason as well, Plaintiffs have not demonstrated that a class of similarly situated individuals exists.

In summary, Plaintiffs have failed to satisfy their burden to demonstrate that a nationwide class of similarly situated Level 2 Service Coordinators exists with respect to the FLSA claims asserted in their lawsuit. The Court will therefore deny Plaintiffs' motions for conditional certification and notice. The Court will permit Plaintiffs to refile these motions, however, if they are able to provide the Court with evidence and specific allegations in support of their contention that all Services Coordinators are treated similarly, so the denial will be without prejudice.

Defendants' response to Plaintiffs' motion for certification raises a number of additional arguments and issues, such as personal jurisdiction and standing. The Court need not address these arguments in the context of Plaintiffs' certification motion, which is not the appropriate procedural vehicle to raise these issues. If Defendants desire to pursue these arguments, they may file the appropriate Rule 12 motions with the Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Conditional Certification of Collective Action [#12] and Plaintiff's Motion for Approval and Distribution of Notice and for Disclosure of Contact Information [#13] are **DENIED WITHOUT PREJUDICE**.

SIGNED this 1st day of July, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE